IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. LARRY WAYNE BURNEY**

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 39882 Robert W. Wedemeyer, Judge**

---

**No. M1999-00628-CCA-R3-CD - Decided April 7, 2000**

---

Defendant pled guilty to possession of drug paraphernalia, assault, resisting arrest, and criminal impersonation. Defendant was also convicted in a bench trial of possession of more than .5 grams of cocaine with intent to sell. After a sentencing hearing, the trial court imposed a sentence of eleven years for the cocaine possession conviction as well as sentences of various lengths for the other convictions. Defendant challenges his conviction for possession of cocaine as well as the lengths of his sentences. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WOODALL, J., delivered the opinion of the court, in which SMITH, J., and LAFFERTY, S.J. joined.

Michael R. Jones, District Public Defender, and Charles S. Bloodworth, Assistant Public Defender, Clarksville, Tennessee, for the appellant, Larry Wayne Burney.

Paul G. Summers, Attorney General and Reporter, Clinton J. Morgan, Assistant Attorney General, John Wesley Carney, Jr., District Attorney General, and Lance A. Baker, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

JUDGE WOODALL delivered the opinion of the court.

Defendant Larry Wayne Burney pled guilty in the Montgomery County Circuit Court to Class A misdemeanor possession of drug paraphernalia, Class A misdemeanor assault, Class B misdemeanor resisting arrest, and Class B misdemeanor criminal impersonation. Immediately thereafter, Defendant proceeded to a bench trial on charges of Class B felony possession of more than .5 grams of cocaine with intent to sell and Class A misdemeanor possession of a prohibited weapon. However, the State dismissed the weapon possession charge at the close of the proof. Following the bench trial, Defendant was convicted of the cocaine possession offense. After a sentencing hearing, the trial court sentenced Defendant as a Range I standard offender to terms of eleven years for the Class B felony, eleven months and twenty-nine days for each Class A

misdemeanor, and six months for each Class B misdemeanor. Defendant raises the following issues in this appeal:(1) whether the evidence was sufficient to support his conviction for possession of more than .5 grams of cocaine with intent to sell; and (2) whether the trial court erroneously imposed longer sentences than he deserves for his five convictions.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTS

Officer Jason Kuhns of the Clarksville, Tennessee Police Department testified that while he was in his patrol vehicle at approximately 2:00 a.m. on February 22, 1998, he observed Defendant standing on a street corner. When Kuhns stopped his vehicle and visually scanned the area, Defendant immediately turned around and walked away. Kuhns then drove away and continued his patrol of the area. During the next hour and a half, Kuhns observed Defendant approximately eight different times at the same intersection where he had first been observed. Kuhns observed that each time he drove near Defendant, Defendant acted "very evasive" by immediately putting his hands in his pockets and walking away.

Officer Kuhns testified that he eventually approached Defendant and asked whether he lived in the area. When Defendant began yelling and "took a defensive stand," Kuhns asked Defendant for some identification. Defendant then stated that he did not have any identification and he provided Kuhns with a fictitious name. At this point, Kuhns became suspicious because Defendant refused to take his hands out of his pockets. Kuhns then attempted to frisk Defendant for weapons, but Defendant struck Kuhns in the head and ran away from the scene.

Officer Kuhns testified that after a brief chase and violent struggle, he was able to apprehend Defendant. When Kuhns subsequently searched Defendant, Kuhns found $37.00 in cash, a pill bottle that contained what appeared to be eighteen rocks of crack cocaine, and a film canister that contained what appeared to be two large rocks of crack cocaine. When Kuhns recovered the jacket that Defendant had discarded during the chase, Kuhns found a "straight shooter" crack pipe and a cleaning pad that can be used to smoke crack in conjunction with the pipe. Kuhns also observed an ice pick that was laying on top of the jacket.

William Stanton of the Tennessee Bureau of Investigation testified he tested the substances in the film canister and pill bottle. Stanton determined that the film canister contained .5 grams of cocaine base and the pill bottle contained 2.0 grams of cocaine base.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant contends that the evidence was insufficient to support his conviction for possession of more than .5 grams of cocaine with intent to sell. We disagree.

When reviewing the trial court's judgment, this Court will not disturb a verdict of guilt unless the facts of the record and inferences which may be drawn from it are insufficient as a matter of law for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Jackson v.

Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this Court is required to afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App.1995). Since a verdict of guilt removes the presumption of a defendant's innocence and replaces it with a presumption of guilt, the defendant has the burden of proof on the sufficiency of the evidence at the appellate level. Tuggle, 639 S.W.2d at 914.

Defendant concedes that the evidence was sufficient to prove that he was in possession of more than .5 grams of cocaine. However, Defendant contends that the evidence was insufficient to prove that he intended to sell the cocaine. Thus, Defendant asserts that he should have been convicted of Class A misdemeanor simple possession for personal use, see Tenn. Code Ann. § 39-17-418 (1997), rather than Class B felony possession with intent to sell, see Tenn. Code Ann. § 39-17-417(c)(1) (Supp. 1999).

Initially, we note that Tennessee Code Annotated section 39-17-419 provides, in relevant part:

It may be inferred from the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing.

Tenn. Code Ann. § 39-17-419 (1997).

We conclude that when the evidence is viewed in the light most favorable to the State, as it must be, the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Defendant possessed the cocaine with intent to sell it. The evidence established that Defendant was standing at a Clarksville intersection between 2:00 and 3:30 a.m. in the latter part of February. Approximately eight different times during that hour and a half, Defendant immediately walked away whenever Officer Kuhns approached and then returned to the same intersection when Kuhns left the area. When Defendant was searched shortly after he struck Kuhns and fled the scene, the police discovered that Defendant had 2.5 grams of cocaine base that was divided into two large rocks and eighteen smaller rocks that were stored in two separate containers. Defendant also had approximately $37.00 in cash on his person. This evidence was sufficient for a rational trier of fact to infer that Defendant intended to sell the cocaine. Although there may have been some evidence to the contrary, the trier of fact rejected it. In short, we conclude that the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Defendant possessed the cocaine with intent to sell. See, e.g., State v. Larry G. Hart, No. 02C01-9406-CC-00111, 1995 WL 380108, at *3 (Tenn. Crim. App., Jackson, June 28, 1995) (holding that in view of all the circumstances, the evidence that defendant possessed 1.0 gram of cocaine base divided into eighteen individual rocks was sufficient to support a conviction for possession of cocaine with intent to sell). Defendant is not entitled to relief on this issue.

## III.  LENGTH OF SENTENCES

Defendant contends that the trial court erroneously imposed longer sentences than he deserves.  We disagree.

"When reviewing sentencing issues . . . including the granting or denial of probation and the length of sentence, the appellate court shall conduct a de novo review on the record of such issues.  Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct."  Tenn. Code Ann. § 40-35-401(d) (1997).  "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances."  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  In conducting our review, we must consider all the evidence, the presentence report, the sentencing principles, the enhancing and mitigating factors, arguments of counsel, the defendant's statements, the nature and character of the offense, and the defendant's potential for rehabilitation.  Tenn. Code Ann. §§ 40-35-103(5), -210(b) (1997 & Supp. 1999); Ashby, 823 S.W.2d at 169.  "The defendant has the burden of demonstrating that the sentence is improper."  Id.  Because the record in this case indicates that the trial court considered the sentencing principles and all relevant facts and circumstances, our review is de novo with a presumption of correctness.

The sentence for a Range I offender convicted of a Class B felony is between eight and twelve years.  Tenn. Code Ann. § 40-35-112(a)(2) (1997).  If the court finds that enhancement and mitigating factors are applicable, the court must begin with the minimum and enhance the sentence to appropriately reflect the weight of any statutory enhancement factors and then the court must reduce the sentence to appropriately reflect the weight of any mitigating factors.  Tenn. Code Ann. § 40-35-210(e) (Supp. 1999).  In addition, the sentencing range for a Class A misdemeanor is any period up to eleven months and twenty-nine days and the sentencing range for a Class B misdemeanor is any period up to six months.  Tenn. Code Ann. § 40-35-111(e)(1)–(2) (1997).

The record indicates that in determining the lengths of Defendant's sentences, the trial court found that the following enhancement factors applied: (1) Defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate sentencing range, and (8) Defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community.  See Tenn. Code Ann. § 40-35-114(1), (8) (1997).  The trial court also found that mitigating factor (13) applied because Defendant saved time and expense by pleading guilty to some of the charges and waiving a jury trial on the remaining charges.  See Tenn. Code Ann. § 40-35-113(13) (1997).  In addition, the trial court found that the enhancement factors were entitled to "a tremendous amount of weight," but the mitigating factor was entitled to enough weight to warrant less than the maximum sentence for the Class B felony conviction.

Defendant does not challenge the application of enhancement factor (1), and we conclude that it was properly applied.  Indeed, the presentence report indicates that Defendant's prior criminal record consists of approximately four felony convictions and sixteen misdemeanor convictions.

-4-

Defendant similarly does not challenge the application of enhancement factor (8), and we conclude that it was properly applied. Indeed, Defendant stipulated during the sentencing hearing that he had received and then violated probation in three different cases.

The State does not challenge the trial court's decision to apply mitigating factor (13), that Defendant saved time and expense by pleading guilty to some charges and waving a jury trial on the other charges. We conclude that under the unique facts of this case, the trial court properly applied this mitigating factor.

Defendant does challenge the trial court's failure to apply mitigating factor (1), that his conduct neither caused nor threatened serious bodily injury. See Tenn. Code Ann. § 40-35-113(1) (1997). We conclude that this factor did not apply to the sentence for possession of cocaine because, as this Court has previously stated, this factor is inapplicable in cases involving cocaine. State v. Vanderford, 980 S.W.2d 390, 407 (Tenn. Crim. App. 1997); State v. Keel, 882 S.W.2d 410, 422 (Tenn. Crim. App.1994). We also conclude that under the facts of this case, mitigating factor (1) did not apply to the sentences for assault, resisting arrest, possession of drug paraphernalia, and criminal impersonation.

Defendant also challenges the trial court's failure to apply mitigating factor (13), that he did not possess a dangerous weapon during the commission of the offenses. See Tenn. Code Ann. § 40-35-113(13) (1997). We conclude that Defendant was not entitled to any mitigation of the length of his sentences merely because he did not possess a dangerous weapon when he committed the offenses in this case.

In short, we conclude in our de novo review that two enhancement factors and one mitigating factor applied to each of Defendant's sentences. Under these circumstances, especially in light of Defendant's extensive criminal record, we hold that the trial court imposed appropriate sentences for the offenses in this case. Defendant is not entitled to relief on this issue.

Accordingly, the judgment of the trial court is AFFIRMED.

Woodall, J.
Smith, J.
Lafferty, S.J.